701 S.E.2d 39

**CRICKET COVE VENTURES, LLC, Appellant,**

v.

**Elizabeth GILLAND, Harold G. Worley and Persons Unknown, being "Jane Doe" and "Richard Roe," Defendants,**

**Of Whom Elizabeth Gilland and Harold G. Worley are Respondents.**

**No. 4730.**

Court of Appeals of South Carolina.

Submitted June 1, 2010.

Decided Aug. 25, 2010.

Rehearing Denied Oct. 29, 2010.

314

316

Kenneth R. Moss, Jr., of Little River, for Appellant.

Emma Ruth Brittain, of Myrtle Beach, for Respondents.

GEATHERS, J.

Appellant Cricket Cove Ventures, LLC (Cricket Cove) brought this civil conspiracy action against Horry County Council Chairperson Elizabeth Gilland and Council member

Harold G. Worley (collectively, Respondents), seeking relief from the County's refusal to review a sketch plan of a proposed development within Worley's electoral district. Cricket Cove challenges the circuit court's order dismissing its complaint pursuant to Rule 12(b)(8), SCRCR. We affirm the circuit court's dismissal of Cricket Cove's injunction and mandamus causes of action on the ground that they are unsustainable under Rule 12(b)(6), SCRCR. We reverse the dismissal of the civil conspiracy cause of action and remand for further proceedings.

## FACTS/PROCEDURAL HISTORY

On October 18, 2005, Cricket Cove brought an action against Horry County and Horry County Council (Council) seeking relief for the refusal of Horry County staff to review Cricket Cove's sketch plan of its proposed development within Worley's electoral district. The complaint alleged that in January 2005, Cricket Cove purchased approximately 27 acres in the Little River area of Horry County. The property was located in a Resort Commercial zoning district, where construction height was unlimited, subject to parking and flight path ordinances. On July 7, 2005, Council held a special meeting and gave first reading to Ordinance 107–05 for the purpose of limiting the height of all new construction within the Little River area to sixty feet. The meeting was not properly advertised, and Cricket Cove was not informed of Council's intent to give first reading to the ordinance.

Cricket Cove also claimed that on August 3, 2005, it submitted a sketch site plan to the county's planning department for review and comment. Cricket Cove advised planning department employees of its intent to construct two condominium buildings that would contain over 200 units each. The planning department accepted the sketch plan for review.

Cricket Cove further alleged that on August 4, 2005, Ordinance 107–05 was referred to the Horry County Planning Commission (Commission) for review. The Commission voted to recommend disapproval of the ordinance. On August 16, 2005, Council deferred a second vote on the ordinance and referred it to Council's Infrastructure and Regulations Committee. Meanwhile, a planning department employee sent a

letter to Cricket Cove stating that its sketch plan needed several modifications. After making the modifications, Cricket Cove scheduled a meeting with the employee for review of the plan. Several county representatives attended the meeting to advise Cricket Cove that the plan could not be reviewed because it contemplated new construction that would exceed sixty feet in height. Cricket Cove's agents requested a written rejection or a letter stating the reason for the refusal to review the sketch plan, but county representatives refused the request.

In its October 2005 complaint against Horry County and Council, Cricket Cove sought a declaratory judgment that the County and Council had violated Ordinance 49–05, was acting upon an invalid pending ordinance (draft Ordinance 107–05), and was violating Cricket Cove's vested right to have its plan reviewed. It also alleged the County and Council were taking its property without just compensation, violating its due process rights, and denying it equal protection under the law. Cricket Cove also sought a writ of mandamus requiring the County and Council to review its proposed plan.

On July 14, 2006, nine months after filing the action against the County and Council, Cricket Cove brought the present action against Worley, Gilland and "Persons Unknown, being 'JaneDoe' [sic] And 'Richard Roe,'" seeking damages for civil conspiracy and injunctive relief. Cricket Cove sought to prohibit Respondents from giving orders or instructions to county employees in violation of section 4–9–660 of the South Carolina Code (1986) and also to prohibit Respondents from discussing outside a public forum those matters coming before Council at its meetings.

The complaint alleged many of the same facts asserted in the action against Horry County, including inadequate advance notice of Council meetings. It also alleged that Council conducted a meeting on October 25, 2005, and "draft Ordinance 107–05 was voted on with a series of amendments." Gilland announced that a public hearing on the proposed draft Ordinance 107–05, as amended, would be conducted at a Third Reading of the proposed ordinance. The county attorney advised that the changes made to the draft ordinance "constituted a major change to the text of the proposed [o]rdinance

and that it should be referred to Horry County Planning Commission for consideration." After an unscheduled recess, Gilland admitted that discussion between Council members concerning the proposed ordinance had occurred outside the public forum.

Cricket Cove further claimed that at Council's January 2006 meeting, draft Ordinance 107–05 was under review for Third Reading, and when a Council member sought to amend the draft, Worley asked for a recess. During the recess, certain Council members discussed the proposed ordinance outside the public forum. Upon return to the public forum, the proposed amendment was not discussed, but a vote was taken to defer Third Reading until the next scheduled Council meeting. At the February 2006 meeting, Council adopted an amendment to the proposed ordinance that changed the height limitations to affect only Worley's district and to exempt from the height limitations all other areas of the county. Council also adopted an amendment that had the effect of changing the height limitation for construction in Worley's district from 180 feet to 120 feet. During the meeting, an unscheduled recess occurred. After the recess, Gilland admitted that Council members had discussed Ordinance 107–05 outside the public forum.

The complaint alleged Gilland and Worley, in their individual capacities, as well as persons unknown engaged in a civil conspiracy to harm Cricket Cove. The complaint also sought to enjoin Gilland and Worley from giving orders to County staff in furtherance of the conspiracy and from discussing draft ordinances with other Council members outside the public forum. Cricket Cove also requested a writ of mandamus requiring Gilland to properly advertise Council meetings. On August 24, 2006, Gilland and Worley filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), SCRCP, and Rule 12(b)(8), SCRCP. [1]

---

1. Rule 12(b)(6) and (8) state in pertinent part:

Every defense, in law or fact, to a cause of action in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state facts sufficient to constitute a

On May 31, 2007, Cricket Cove amended its complaint in the action against Horry County to add as defendants the individual members of Council in their official capacities, to seek a declaration that the application of pending ordinance 107–05 was invalid, and to seek an injunction preventing Council members from discussing draft ordinances outside the public forum.

In the present action, on October 4, 2007, the circuit court granted the motion to dismiss pursuant to Rule 12(b)(8) and stated that it was unnecessary to address the 12(b)(6) motion. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court properly apply Rule 12(b)(8), SCRCP, to the present action?

2. Did the circuit court err in failing to include in its order a conclusion that the present action should be consolidated with the first action?

3. Did the circuit court err in failing to include in its order a conclusion that Cricket Cove should be allowed to amend its complaint in the first action to include the causes of action alleged in the present action?

4. Should the circuit court's decision be affirmed on the additional sustaining ground that the complaint could have been dismissed pursuant to Rule 12(b)(6), SCRCP, for failure to state facts sufficient to constitute a cause of action?

## STANDARD OF REVIEW

■ The appellate court applies the same standard of review as the circuit court in scrutinizing the application of Rule 12(b)(8), SCRCP. *Capital City Ins. Co. v. BP Staff, Inc.,* 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct.App.2009). A defendant may seek dismissal of an action pursuant to Rule 12(b)(8) when another action is pending between the same parties for the same claim.

---

cause of action ... (8) another action is pending between the same parties for the same claim.

In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court. *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint. *Id.*

If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper. *Brazell v. Windsor*, 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009). In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *Id.* "The trial court and this [C]ourt on appeal must presume all well pled facts to be true." *Morrow Crane Co. v. T.R. Tucker Constr. Co.*, 296 S.C. 427, 429, 373 S.E.2d 701, 702 (Ct.App. 1988). "[P]leadings in a case should be construed liberally so that substantial justice is done between the parties. Further, a judgment on the pleadings is considered to be a drastic procedure by our courts." *Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) (citation omitted). The court should not dismiss the complaint merely because there exists doubt that the plaintiff will prevail in the action. *Doe*, 373 S.C. at 395, 645 S.E.2d at 248.

## LAW/ANALYSIS

### I. Dismissal under Rule 12(b)(8), SCRCP

Cricket Cove contends that the circuit court erred in concluding dismissal of its action under Rule 12(b)(8) was appropriate. We agree.

Under Rule 12(b)(8), dismissal is appropriate when another action is pending between the same parties for the same claim.

### A. Identity of Parties

Cricket Cove argues that its claims against Respondents in their individual capacities dictate against the applica-

tion of Rule 12(b)(8) to the present action because the claims in the first action were against Respondents in their official capacities as Council members. We agree.

To prevail on a motion to dismiss pursuant to Rule 12(b)(8), the movant must show that the actions in question are between the same parties in their same capacities. 1 C.J.S. *Abatement and Revival* § 54 (2005). In *Corbett v. City of Myrtle Beach, S.C.*, this Court concluded that the trial court properly dismissed the complaint pursuant to Rule 12(b)(8) because the plaintiffs claim for negligent infliction of emotional distress against a beach service involved the same parties and was "based upon the same facts and circumstances" as the plaintiffs first two wrongful death actions against the beach service and the City of Myrtle Beach. 336 S.C. 601, 610, 521 S.E.2d 276, 281 (Ct.App.1999). However, it is noteworthy that the Court attached significance to the capacity in which the plaintiff brought her two actions:

Mrs. Corbett brought the Kinard claim in her individual capacity. The consolidated wrongful death and survivorship actions were brought in Mrs. Corbett's individual capacity and in her capacity as the Personal Representative of her husband's estate. Hence, the Kinard claim involves the same parties and is based upon the same facts and circumstances as the first two civil actions.

*Id.*,

Here, Respondents were sued in their individual capacities in the present action. However, they were sued in their official capacities in the first action. Therefore, the circuit court erred in concluding that the present action and the first action involved the same parties.

## B. Identity of Claims

In *Corbett*, this Court concluded the plaintiffs claim for negligent infliction of emotional distress against a beach service involved the same claim as the plaintiff's first two wrongful death actions against the beach service and the City of Myrtle Beach because it was "based upon the same facts and circumstances." 336 S.C. at 610, 521 S.E.2d at 281. Notably, the circuit court in the present action relied on the "same facts

and circumstances" test when it ruled that dismissal under Rule 12(b)(8) was appropriate.

This Court revisited the "same claim" component of Rule 12(b)(8) in *Capital City,* and interpreted the rule narrowly:

The rule has historic ties to a former statute providing a defendant a similar opportunity to demur; our supreme court traditionally interpreted that statute narrowly, stating that it only applied when there was identity of parties, causes of action and relief. We find this approach consistent with modern day practice under rules similar to our Rule 12(b)(8). Accordingly, we interpret the rule narrowly such that *the claim must be precisely or substantially the same in both proceedings* in order for the drastic remedy of dismissal to be appropriate under Rule 12(b)(8).

382 S.C. at 105–06, 674 S.E.2d at 531–32 (citations omitted) (emphasis added).

Here, the cause of action for civil conspiracy is not covered in the first case, and the writ of mandamus cause of action in the present case seeks relief that is different from the relief sought in the causes of action in the first case. Under the narrow interpretation of Rule 12(b)(8) set forth in *Capital City,* the circuit court's application of the rule was incorrect because the civil conspiracy claim against Respondents in their individual capacities was neither "precisely the same" nor "substantially the same" as any claim in the first proceeding.[2]

## II. Consolidation and Amendment of Complaint (Issues 2 and 3)

██ At the hearing on Respondents' motion to dismiss, Cricket Cove requested that the present action be consolidated with the first action and it be allowed to amend its complaint in the first action. Because Respondents were represented by different attorneys on each action, the circuit court directed Cricket Cove to contact opposing counsel in the first action and to set up a hearing or obtain opposing counsel's consent to the requested relief.

---

2. We note the circuit court did not have the benefit of the *Capital City* opinion when it dismissed the present case.

Cricket Cove failed to complete the circuit court's instructions. Certainly, the circuit court had no authority in the present action to issue an order affecting the parties in the first action without the presence of counsel for those parties. Any such ruling would have been the result of impermissible ex parte communications. *Cf. Burgess v. Stern,* 311 S.C. 326, 330, 428 S.E.2d 880, 883 (1993) (stating that the judicial practice of merely signing an order prepared by counsel of one party denies to the deprived parties an opportunity to be heard in matters that affect them). Therefore, the circuit court properly declined to make such a ruling.

### III. Rule 12(b)(6), SCRCP (Issue 4)

Respondents argue as an additional sustaining ground that this Court may affirm the circuit court's dismissal of Cricket Cove's complaint pursuant to Rule 12(b)(6). As discussed below, we believe the complaint states facts sufficient to constitute a cause of action for civil conspiracy only. We will address each cause of action in turn.

### A. Civil Conspiracy

 "A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff." *McMillan v. Oconee Mem'l Hosp., Inc.,* 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006); *see also Todd v. S.C. Farm Bureau Mut. Ins. Co.,* 276 S.C. 284, 292, 278 S.E.2d 607, 611 (1981) ("Conspiracy is the conspiring or combining together to do an unlawful act to the detriment of another or the doing of a lawful act in an unlawful way to the detriment of another."); *Vaught v. Waites,* 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App.1989) ("Civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage."). The gravamen of the tort of civil conspiracy is the damage resulting to the plaintiff from an overt act done pursuant to a common design. *Vaught,* 300 S.C. at 208, 387 S.E.2d at 95.

 In a civil conspiracy claim, one must plead acts in furtherance of the conspiracy that are separate and independent from other wrongful acts alleged in the complaint, and

the failure to properly plead such acts will merit the dismissal of the claim. *See Todd,* 276 S.C. at 293, 278 S.E.2d at 611 (dismissing plaintiff's civil conspiracy cause of action because it did no more than incorporate the complaint's allegations in the previous causes of action and because the only alleged wrongful acts pled were those for which damages had already been sought). Further, the damages alleged must go beyond the damages alleged in other causes of action. *See Vaught,* 300 S.C. at 209, 387 S.E.2d at 95 (holding that *Todd* barred a conspiracy cause of action because no special damages were alleged aside from the damages already alleged for the plaintiff's breach of contract cause of action in that case).

Here, the complaint alleges that Respondents conspired with county staff and with each other outside the public forum to obstruct Cricket Cove's development plans. The complaint also alleges the rejection by county staff of Cricket Cove's sketch site plan in furtherance of the conspiracy. Further, Cricket Cove seeks the special damages of the costs incurred on the acquisition of the real property in question and its development costs. The remaining three causes of action in the complaint seek injunctive relief rather than damages. Therefore, as contained within the present action, the conspiracy claim meets the requirements set forth in *Todd* and *Vaught.*

 Respondents argue that the facts ostensibly supporting the conspiracy claim are alleged within an official capacity setting and therefore the alleged acts arise in the context of a principal-agent relationship, preventing the combination of two or more persons necessary to prove a conspiracy. We disagree. In *McMillan,* our Supreme Court limited this "intracorporate conspiracy" doctrine to persons acting within the scope of their employment, 367 *S.C.* at 564–65, 626 S.E.2d at 887. Other jurisdictions have similarly limited the doctrine. *See ePlus Tech., Inc. v. Aboud,* 313 F.3d 166, 179 (4th Cir. 2002) ("[T]he intracorporate immunity doctrine does not apply where a corporate 'officer has an independent personal stake in achieving the corporation's illegal objectives.' " (quoting *Greenville Pub. Co. v. Daily Reflector, Inc.,* 496 F.2d 391, 399 (4th Cir.1974))); *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036 (11th Cir.2000) ("Simply put, under the doctrine, a corporation cannot conspire with its employees, and its

employees, *when acting in the scope of their employment,* cannot conspire among themselves.") (emphasis added); *Garza v. City of Omaha,* 814 F.2d 553, 556 (8th Cir.1987) ("While it is true that a corporation cannot conspire with itself, an intracorporate conspiracy may be established where individual defendants are also named and those defendants act outside the scope of their employment for personal reasons.").

Here, Cricket Cove asserts the civil conspiracy claim against Respondents in their individual capacities rather than their official capacities as Council members. It may be reasonably inferred from the complaint as a whole that Cricket Cove is alleging Respondents had a personal stake in preventing Cricket Cove from moving forward with its development plans. Therefore, the intracorporate conspiracy doctrine does not apply to Cricket Cove's conspiracy claim against Respondents in their individual capacities.

Based on the foregoing, we believe Cricket Cove's complaint states facts sufficient to constitute a cause of action for civil conspiracy.

**B. Section 4–9–660 of the South Carolina Code (1986)**

 Cricket Cove's second cause of action includes a request for a declaration that Respondents' actions in giving orders or instructions to county employees and members of county commissions violate section 4–9–850 of the South Carolina Code (1986). Respondents assert that section 4–9–850 applies to the county manager form of government and that Horry County has adopted the administrator form of government. Respondents argue that the comparable provision for the administrator form of government, section 4–9–660 of the South Carolina Code (1986), does not create a private right of action.[3]

Section 4–9–660 states:

---

3. Paragraph 11 of Cricket Cove's complaint references section 4–9–660 (administrator form of government) rather than section 4–9–850 (county manager form of government). Therefore, the subsequent, inconsistent references to section 4–9–850 in the complaint's allegations under the second cause of action were likely scrivener's errors, and we will base the remainder of our discussion on that assumption. *See Wilson v. Niesse,* 251 Ind. 639, 244 N.E.2d 436 (1969) ("We do not feel that the use of a misspelled word, a misplaced comma or a period should deny

Except for the purposes of inquiries and investigations, the council shall deal with county officers and employees who are subject to the direction and supervision of the county administrator solely through the administrator, and neither the council nor its members shall give orders or instructions to any such officers or employees.

Respondents are correct that section 4–9–660 does not create a private right of action. No provision in Chapter 9 of Title 4 of the Code creates any private right of action. Further, an injunction should be granted only when some irreparable injury is threatened for which the parties have no adequate remedy at law. *Sanford v. S.C. State Ethics Comm'n*, 385 S.C. 483, 496, 685 S.E.2d 600, 607 (2009). Cricket Cove has failed to allege in its complaint that it will be irreparably harmed if an injunction is not granted or that it has no adequate remedy at law. On the contrary, in its conspiracy cause of action, which is based on the same conduct of Respondents, Cricket Cove seeks a remedy of law—an amount "not less than the costs incurred to date by [Cricket Cove] on the acquisition of the Real Property and development costs associated directly therewith...."

Based on the foregoing, Cricket Cove has not stated facts sufficient to constitute a cause of action for an injunction against violation of section 4–9–660.

### C. Freedom of Information Act

 In its third cause of action, Cricket Cove is seeking to enforce section 30–4–70(c) of the South Carolina Code (2007). Section 30–4–70(c) is part of the Freedom of Information Act (FOIA) and prohibits the use of any chance meeting, social meeting, or electronic communication in circumvention of the spirit of FOIA requirements to act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. The FOIA, specifically section 30–4–100 of the South Carolina Code (2007), contains a civil enforcement provision granting standing to a South Carolina citizen to seek injunctive relief against a violation of any FOIA provision. Section 30–4–100(a) states the following:

litigants the right to have their controversies settled where it is apparent from the general context of the pleading what the meaning is.").

Any citizen of the State may apply to the circuit court for either or both a declaratory judgment and injunctive relief to enforce the provisions of this chapter in appropriate cases as long as such application is made no later than one year following the date on which the alleged violation occurs or one year after a public vote in public session, whichever comes later. The court may order equitable relief as it considers appropriate, and *a violation of this chapter must be considered to be an irreparable injury for which no adequate remedy at law exists.*

(emphasis added).

Assuming, without deciding, that Cricket Cove has standing as a "citizen of the State," it is suing Respondents in their individual capacities. The FOIA was created to allow citizens to be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. S.C.Code Ann. § 30–4–15 (2007). Hence, the facts as stated in Cricket Cove's complaint fail to state a FOIA cause of action.

### D. Writ of Mandamus

In its fourth cause of action, Cricket Cove seeks a writ of mandamus requiring Gilland to perform her duties as Council's chairwoman to properly publish notice of Council meetings. The following elements are necessary to obtain a writ of mandamus requiring the performance of an act: (1) a duty to perform the act; (2) the ministerial nature of the act; (3) the petitioner's specific legal right for which discharge of the duty is necessary; and (4) a lack of any other legal remedy. *See Sanford*, 385 S.C. at 494, 685 S.E.2d at 606.

Respondents correctly assert that a writ of mandamus, by its very nature, cannot be issued against a person in his individual versus official capacity. Because no relief can be granted on this particular claim, its dismissal under Rule 12(b)(6) would have been proper.

### CONCLUSION

The circuit court incorrectly concluded that the parties in the present action are identical to those in the first action. Further, the circuit court's "same claim" analysis under Rule

12(b)(8), SCRCP, was based on a standard that is no longer controlling in South Carolina. However, we affirm the circuit court's dismissal of Cricket Cove's injunction and mandamus causes of action on the ground that they are unsustainable under Rule 12(b)(6), SCRCP. We reverse the dismissal of the civil conspiracy cause of action and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

KONDUROS and LOCKEMY, JJ., concur.