THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willie
 Singleton and Julia Thomas, Heirs at Law of Victoria Gadson, deceased, Plaintiffs,
 Of whom Willie
 Singleton is the Appellant,
 
 
 

v.

 
 
 
 City of
 Georgetown Building Official Stephen Stack, Mayor Lynn Wood Wilson, Mayor Pro
 Temp Brendon M. Barber, Sr., Council Member Clarence Smalls, Council Member
 Paige B. Sawyer, III, Council Member Rudolph A. Bradley, Council Member Jack
 Scoville, Director of Building Planning Sabrina Morris, Steve Thomas, City
 Administrator, and The City of Georgetown, Respondents.
 
 
 

Appeal From Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-061
 Submitted January 3, 2012  February 8,
2012

AFFIRMED

 
 
 
 Willie Singleton, pro se, of Georgetown. 
 Douglas Charles Baxter, of Myrtle Beach, and
 Mason A. Summers, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Willie
 Singleton appeals the dismissal of individual defendants and his claim for
 punitive damages from his civil action, arguing the circuit court erred in: (1)
 dismissing individual defendants from the complaint; (2) dismissing his claim
 for punitive damages; (3) not supporting its order with proper legal authority;
 (4) concluding the demolition of the building was an accident; and (5) not
 considering "dual capacity" and "dual persona" theories.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to
 whether the circuit court erred in dismissing individual defendants from the
 complaint:  Cricket Cove Ventures, LLC
 v. Gilland, 390 S.C. 312, 321, 701
 S.E.2d 39, 44 (Ct. App. 2010) ("In deciding whether the [circuit] court
 properly granted the motion to dismiss, the appellate court must consider
 whether the complaint, viewed in the light most favorable to the plaintiff,
 states any valid claim for relief. . . .  [T]his [c]ourt
 . . . must presume all well pled facts to be true." (citations
 and quotation marks omitted)); S.C. Code Ann. § 15-78-70(a)-(b) (2005)
 ("An employee of a governmental entity who commits a tort while acting
 within the scope of his official duty is not liable . . . [unless] the employee's conduct was not within the
 scope of his official duties or that it constituted actual fraud, actual
 malice, intent to harm, or a crime involving moral turpitude."); S.C. Code
 Ann. § 15-78-30(i) (2005) ("'Scope of official duty'. . . means (1) acting
 in and about the official business of a governmental entity and (2) performing
 official duties."); Flateau v. Harrelson, 355 S.C. 197, 205, 584
 S.E.2d 413, 417 (Ct. App. 2003) (holding an employee of a governmental entity
 may exceed his authority, but an action still falls within the scope of
 official duty if done in furtherance of his master's business); S.C. Code Ann. §
 5-7-80 (2004) (stating municipalities are empowered to enact ordinances to
 abate public nuisances).
2.  As to
 whether the circuit court erred in dismissing Singleton's claim for punitive
 damages from the complaint:  S.C. Code
 Ann. § 15-78-70(a) (2005) (stating the Tort Claims Act "constitutes the
 exclusive remedy for any tort committed by an employee of a governmental entity");
 S.C. Code Ann. § 15-78-120(b) (2005) (stating punitive damages are precluded by
 the Tort Claims Act).  
3.  As to
 Singleton's remaining issues:  West v.
 Newberry Elec. Coop., 357 S.C. 537,
 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (holding an issue that is neither
 addressed by the circuit court in its final order nor raised by way of a Rule
 59(e), SCRCP, motion is not preserved for review).
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.