743 S.E.2d 773

**The STATE, Respondent,**

v.

**Myron SAMUELS, Appellant.**

Appellate Case No.2011–185186.

No. 27255.

Supreme Court of South Carolina.

Heard March 5, 2013.

Decided May 22, 2013.

James M. Griffin, of Lewis, Babcock & Griffin, LLP, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, Assistant Attorney General Mark R. Far-

thing, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

Justice HEARN.

Duplicity is an ill-favored quality in both life and the law, and here we deal with duplicity in several forms. While commonly understood to be synonymous with deceitfulness and double-dealing, when used in the law, duplicity means "[t]he charging of the same offense in more than one count of an indictment." Black's Law Dictionary 541 (8th ed. 2004). After a course of duplicitous conduct in which appellant Myron Samuels romanced two women at the same time, he was tried and convicted for assaulting those women. He now challenges his conviction and sentence on the grounds the indictment was duplicitous. Because of the distinct risks created by duplicitous indictments, we hold that an indictment is defective and entitles a defendant to relief if it is duplicitous, providing it results in prejudice to the defendant. Although we agree the indictment was duplicitous, we find Samuels was not prejudiced and accordingly affirm his conviction and sentence.

## FACTUAL/PROCEDURAL BACKGROUND

Samuels was romantically involved with two women, Patricia Speaks and Carla Daniels, among others, but told each woman he was involved with her alone. Eventually, Speaks and Daniels learned of the other's relationship with Samuels. On the evening of April 14, 2009, Daniels traveled to Speaks' home in Columbia, suspecting Samuels was there and wanting to confront him. Samuels was there, and after Daniels entered the home, she and Speaks began to discuss their situation. Speaks informed Daniels that Samuels was romantically involved with two additional women and that she had copied their telephone numbers from his phone. They then decided to call the other women in Samuels' presence, ostensibly to alert them to the health dangers inherent in Samuels' duplicity.

While Daniels was speaking to one of the other women on the phone, she felt something touch her forehead. She looked up to see Samuels holding the barrel of Speaks' pistol against her forehead. Speaks began screaming, and Samuels then

turned to her and threatened her with the gun. Samuels then fled from the home, and when Speaks ran after him to retrieve her pistol, Samuels hit her, knocking her to the ground. The women then called the police.

Samuels was indicted for one count of assault with intent to kill by a Richland County grand jury. The one count alleged: "That Myron Samuels did in Richland County on or about April 14, 2009, with malice aforethought commit an assault with intent to kill upon the victim, Patricia Speaks and/or Carla Daniels, in violation of Section 17–25–30 C/L, Code of Laws of South Carolina, (1976, as amended).

At the outset of Samuels' trial, he moved to quash the indictment on the ground that it charged two separate offenses by listing both Daniels and Speaks as victims. Samuels contended that by including two victims in the indictment, the jury could be divided on whether he committed the assaults on each woman, but could still convict him if each juror believed he assaulted one of the women. He also argued the indictment was deficient because the grand jury was presented with two victims and there was no way to determine that the grand jury voted for a true bill as to both victims. The State asserted that an indictment only must give a defendant notice of the alleged crime, and this indictment satisfied that standard. The circuit court ruled the indictment was valid because it provided notice and denied the motion, relying on *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

At the conclusion of the trial, a special verdict form with two parts was submitted to the jury without objection. First, the jury was asked to determine whether Samuels was guilty of assault with intent to kill, guilty of assault of a high and aggravated nature, guilty of simple assault, or not guilty as to Speaks. The form then asked the jury to make a separate finding for Daniels using the same options. The jury found Samuels guilty of simple assault of Speaks and assault of a high and aggravated nature of Daniels.

During the trial, the court had stated that even if the jury found him guilty as to both victims, he could only be sentenced on one count. At sentencing, Samuels argued that under the rule of lenity, he could only be sentenced to the lesser offense of simple assault. The court declined that request, and for the

crime of assault of a high and aggravated nature, sentenced him to ten years' incarceration, suspended to time served and three years of probation, two hundred hours of community service, and anger management classes.

## ISSUES PRESENTED

I.  Did the circuit court err in refusing to quash the indictment?

II. Did the circuit court err in sentencing Samuels for assault of a high and aggravated nature rather than simple assault?

## LAW/ANALYSIS

## I. DUPLICITOUS INDICTMENT

Samuels asserts the circuit court erred in denying his motion to quash because the indictment was duplicitous in alleging he assaulted "Patricia Speaks and/or Carla Daniels." While we agree that the indictment was duplicitous, we hold defendant is not entitled to any relief due to the lack of prejudice.

In *Gentry*, we held the sufficiency of an indictment is determined by whether

> (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged.

*Gentry*, 363 S.C. at 102–03, 610 S.E.2d at 500. The indictment here provided sufficient notice to Samuels and the court by stating what crime he allegedly committed, on what date, where, and the name of the victims. In short, Samuels knew from the indictment what allegations he would be required to defend against at trial, and the indictment was therefore sufficient under *Gentry*.

However, *Gentry* addressed the sufficiency of indictments generally, and did not consider duplicitous indictments which allege two distinct and separate offenses in the same count.

*See* 41 Am. Jur. 2d *Indictments and Informations* § 207 (2013). Duplicitous indictments "implicate a defendant's rights to notice of the charge against him, to a unanimous verdict, to appropriate sentencing and to protection against double jeopardy in a subsequent prosecution." *United States v. Murray,* 618 F.2d 892, 896 (2d Cir.1980). For example, such indictments present the risk that a jury divided on the two separate offenses in one count could nevertheless convict through a general verdict on the one count. *United States v. Robinson,* 627 F.3d 941, 957 (4th Cir.2010); *see also United States v. Sturdivant,* 244 F.3d 71, 75 (2d Cir.2001) (discussing the "risk that the jurors may not have been unanimous as to any one of the crimes charged"). Duplicitous indictments also can create sentencing problems, such as where a jury's general verdict leaves the sentencing judge unsure as to whether the defendant is guilty of and subject to punishment for multiple offenses. *See Sturdivant,* 244 F.3d at 78–79 (discussing the sentencing implications of a duplicitous indictment and general verdict). For those reasons, duplicitous indictments are generally considered defective and may be dismissed on that ground. *See* 41 Am. Jur. 2d *Indictments and Informations* § 209 (2013).

■ However, proceeding to trial on a duplicitous indictment does not alone create reversible error. For example, federal courts employ a prejudice analysis and will reverse a conviction for duplicity only where two or more distinct crimes are combined into one count and the defendant is prejudiced thereby. *See United States v. Mauskar,* 557 F.3d 219, 226–27 (5th Cir.2009); *Sturdivant,* 244 F.3d at 75. In adopting that standard, the United States Court of Appeals for the Second Circuit reasoned that "[i]f the doctrine of duplicity is to be more than an exercise in mere formalism," it can only be applied where prejudice exists, i.e., where the policy considerations supporting the rule against duplicitous indictments are actually present. *Murray,* 618 F.2d at 897. In analyzing whether a defendant suffered prejudice, the Second Circuit has helpfully listed relevant policy considerations:

avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the

crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in subsequent prosecutions. *Sturdivant,* 244 F.3d at 75.

■ We recognize both the policy considerations supporting a prohibition against duplicitous indictments and that the *Gentry* standard does not protect against the potential harms. In recognition of those considerations, but also to avoid mere formalism, we adopt the federal standard. Accordingly, we supplement the *Gentry* standard by holding that a defendant will prevail on appeal when he establishes both that an indictment was duplicitous and that he was prejudiced by the duplicity.

■ Applying that two part standard to this case, we first agree with Samuels that his indictment was duplicitous. For offenses against the person, a separate offense exists for each person subjected to the criminal conduct. *See State v. Jones,* 344 S.C. 48, 54, 543 S.E.2d 541, 543 (2001). Samuels was charged with one count of assault with intent to kill, and assault requires that the defendant engage in conduct that threatens another person, and thus is clearly an offense against the person. *See State v. Sutton,* 340 S.C. 393, 397–98, 532 S.E.2d 283, 285–86 (2000). Therefore, each victim of his threatening conduct constituted a new assault offense. By including both victims in one count, the indictment charged two offenses in one count and was defective for duplicity.

■ Despite the indictment's duplicity, we find no prejudice to Samuels due to the actions of the circuit court. A duplicitous indictment's potential prejudice can be cured through jury instructions and the use of a special verdict. *See Robinson,* 627 F.3d at 958 ("It is black letter law that duplicitous indictments can be cured through appropriate jury instructions."); *Mauskar,* 557 F.3d at 226–27 (finding the defendant was not prejudiced due to the trial court's clear instructions that in order to return a guilty verdict, the jury had to unanimously agree he committed one of the offenses in a duplicitous indictment). At Samuels' trial, the circuit court instructed the jury a guilty verdict required unanimous agreement among the jurors that Samuels assaulted Daniels or unanimous agreement he assaulted Speaks. The court also

employed a special verdict form requiring the jury to make separate findings of guilt or innocence as to Daniels and Speaks. Furthermore, Samuels was only sentenced for one offense despite the jury finding him guilty of two offenses. Accordingly, because Samuels cannot demonstrate how he was prejudiced by the duplicitous indictment, he is not entitled to the reversal of his conviction.

## II. SENTENCING

■ Samuels also asserts that because the indictment was duplicitous the circuit court erred in sentencing him for assault of a high and aggravated nature. He contends the court was required to apply the rule of lenity and sentence him for simple assault, the lesser of the two offenses for which he was found guilty. We disagree.

Initially, we note the rule of lenity is a rule of statutory construction. *See Bryant v. State*, 384 S.C. 525, 533, 683 S.E.2d 280, 284 (2009) ("When a *genuine* ambiguity exists as a result of the proposed application of [a penal statute] to a given situation, the rule of lenity requires that the doubt must be resolved in the defendant's favor."); *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) ("[W]hen a statute is penal in nature, it must be construed strictly against the State and in favor of the defendant."). Because the circuit court was not construing a penal statute in sentencing Samuels, the rule of lenity is not applicable here.

Samuels also relies on *Sturdivant* for the proposition that when a defendant is charged through a duplicitous indictment, the sentencing court must give him the benefit of the doubt and sentence him to the lesser offense. We find that Samuels reads *Sturdivant's* holding too broadly and it is distinguishable on the facts. There, unlike the present case, the jury returned a general verdict on the duplicitous indictment. *Sturdivant*, 244 F.3d at 75. At sentencing, the trial court assumed the jury found the defendant guilty of both offenses contained in the duplicitous indictment and sentenced him accordingly. *Id.* On appeal, the Second Circuit found the defendant had been improperly sentenced based on both offenses because it was unclear from the general verdict which of the two offenses the jury unanimously agreed upon. *Id.* at

78. Therefore, the court remanded for resentencing, concluding the defendant should be sentenced to the offense involving the lesser penalty in order to ensure he was not prejudiced by the unclear nature of the jury's verdict. *Id.* at 80.

The present case is materially different from *Sturdivant* in that here, the circuit court employed a special verdict form that unequivocally established the jury found Samuels guilty of both assault of a high and aggravated nature and simple assault. However, because Samuels was indicted and tried for only one count, the court only sentenced him for one of the offenses comprising that count. Because he was found guilty of assault of a high and aggravated nature, we find no error in the circuit court sentencing him for that offense.

## CONCLUSION

For the foregoing reasons, we hold that although Samuels' indictment was duplicitous, it does not require reversal because he was not prejudiced. We also hold the circuit court did not err in sentencing Samuels for assault of a high and aggravated nature. Accordingly, we affirm Samuels' conviction and sentence.

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.