**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence S. Gregory, Appellant,

v.

Riley Pope & Laney, LLC, Law Firm, Attorney(s) and Counselor(s) at Law; Individually and Individually named, Theodore D. Riley, T. Lowndes Pope, LeRoy Free Laney, Nikole H. Boland, of whom, all are sued in their individual and professional capacities, Riley Pope & Laney, Limited Liability Contractor(s) (LLC);

and

Heath McAlvin Stewart, III, Individually and Individually named, of who, formerly employed with Riley Pope & Laney, LLC, law firm, an agent attorney is sued in his individual and professional capacities, et al.,

All whom are named as Defendants,

Of which Riley Pope & Laney, LLC is the Respondent.

Appellate Case No. 2015-000740

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-183
Submitted April 1, 2017 – Filed May 3, 2017

**AFFIRMED**

Clarence Gregory, pro se.

Damon Christian Wlodarczyk, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

**PER CURIAM:** Clarence Gregory appeals the circuit court's order dismissing his claims pursuant to a motion to dismiss filed by Riley Pope & Laney, LLC; Theodore Riley; T. Lowndes Pope; Leroy Laney; Nikole Boland; and Heath Stewart (collectively, Respondents). On appeal, Gregory argues the circuit court erred by (1) finding his claims were barred by the statute of limitations; (2) denying his motion to amend his complaint; (3) finding the circuit court's previous orders were binding in subsequent proceedings; (4) finding it had the power to review and modify the findings of another circuit court judge; (5) relying on case law that was not presented at the hearing; (6) finding a judge had jurisdiction to modify another judge's findings; (7) dismissing his abuse of legal process claim; (8) dismissing his bad faith claim; (9) dismissing his duplicity claim; (10) dismissing his unclean hands claim; and (11) dismissing his civil conspiracy claim. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: S.C. Code Ann. § 15-3-530(5) (2005) (setting a three-year statute of limitation for an injury to a person not arising out of a contract); *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period 'to ensure fundamental practicality and fairness.'" (quoting *Rodriguez v. Superior Court*, 98 Cal.Rptr.3d 728, 736 (2009))); *id.* at 117, 687 S.E.2d at 33 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *id.* at 116, 687 S.E.2d at 32 ("[E]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  As to Issue 2: Rule 15(a), SCRCP (providing a party may amend his complaint "at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served"); Rule 15(c), SCRCP ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."); *Pruitt v. Bowers*, 330 S.C. 483, 489, 499 S.E.2d 250, 253 (Ct. App. 1998) ("It is well established that a motion to amend is addressed to the sound discretion of the [circuit court] . . . .").

3.  As to Issues 3, 4, 5, and 6: *Crosswell Enters., Inc. v. Arnold*, 309 S.C. 276, 279, 422 S.E.2d 157, 159 (Ct. App. 1992) ("The denial of a motion for summary judgment does not bar a party from making a later motion for summary judgment based on matters not involved in the decision on the first motion."); *Dorrell v. S.C. Dep't of Transp.*, 361 S.C. 312, 325, 605 S.E.2d 12, 18 (2004) (holding the fact a different circuit court judge previously denied a motion for summary judgment did not preclude the defendant from renewing its motion "once new evidence came to light"); *Hill v. York Cty. Sheriff's Dep't*, 313 S.C. 303, 305, 437 S.E.2d 179, 180 (Ct. App. 1993) (holding an earlier denial of a summary judgment by another circuit court did not dispose of the issue so as to preclude summary judgment).[2]

4.  As to Issue 7: *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 321, 701 S.E.2d 39, 44 (Ct. App. 2010) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *Johnson v. Painter*, 279 S.C. 390, 391, 307 S.E.2d 860, 860 (1983) ("The essential elements of abuse of process are: (1) an ulterior purpose; and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding."); *Whitfield Constr. Co. v. Bank of Tokyo Trust*

---

[2] Gregory argued the circuit court erred in not citing to *Hill* in its order; however the court cited to *Dorrell*, which supports the same proposition. 361 S.C. at 325, 605 S.E.2d at 18 (stating if a first summary judgment motion is unsuccessful, the court may allow a second summary judgment motion prior to trial).

*Co.*, 338 S.C. 207, 222 n.18, 525 S.E.2d 888, 896 n.18 (Ct. App. 1999) (stating abuse of process claims are subject to a three-year statute of limitations).

5.  As to Issue 8: *In re Berger*, 408 S.C. 313, 322, 759 S.E.2d 716, 720 (2014) ("Pursuant to Rule 3(b), RLDE, Rule 413, SCACR, the Commission on Lawyer Conduct . . . has jurisdiction over all allegations that a lawyer has committed misconduct.").

6.  As to Issue 9: *State v. Samuels*, 403 S.C. 551, 553, 743 S.E.2d 773, 774 (2013) ("While commonly understood to be synonymous with deceitfulness and double-dealing, when used in the law, duplicity means '[t]he charging of the same offense in more than one count of an indictment.'" (quoting *Duplicity*, Black's Law Dictionary (8th ed. 2004))).

7.  As to Issue 10: *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 107 n.2, 531 S.E.2d 287, 292 n.2 (2000) (explaining unclean hands is an equitable defense and does not give rise to an independent cause of action).

8.  As to Issue 11: *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009) ("The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage."); *id.* ("Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action.").

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**