**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy A. Richardson, II, Solicitor Fifteenth Judicial Circuit, on Behalf of the Fifteenth Circuit Drug Enforcement Unit, Respondent,

v.

Eighty-five thousand, six hundred eighty-seven and 45/100 dollars ($85,687.45); 2010 Chevrolet Impala vin# 2GIWB5EKOA1166142; 2008 Mercedes vin# WDDDJ72X78A117250; 2009 Honda CBR600RR9 vin# JH2PC400X9K201006; various weapons, miscellaneous gold men's jewelry, electronics, and real property located at 732 Dragonfly Drive, Myrtle Beach, SC, TMS#: 1642201065, Defendant Property,

Michael A. Hatten, Stephanie N. Hatten a/k/a Stephanie N. Mackie, Joseph L. White, Eleanor J. Carter, Byron A. Gidney, Kristin J. Milby, Ivan K. Chatman, and Steven Mackie, Defendants,

Of whom Stephanie N. Hatten a/k/a Stephanie N. Mackie is the Appellant.

Appellate Case No. 2017-000639

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2018-UP-316
Submitted June 1, 2018 – Filed July 11, 2018

## AFFIRMED

Erin E. Bailey, of The Law Office of Erin E. Bailey, LLC, of Georgetown, for Appellant.

James Richard Battle, II, of Battle Law Firm, LLC, of Conway, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *Williams v. Condon*, 347 S.C. 227, 232-33, 553 S.E.2d 496, 499 (Ct. App. 2001) ("A [circuit court] . . . may dismiss a claim when the [opposing party] demonstrates the [claimant] has failed 'to state facts sufficient to constitute a cause of action' in the pleadings filed with the court." (quoting Rule 12(b)(6), SCRCP)); *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 321, 701 S.E.2d 39, 44 (Ct. App. 2010) ("[T]he [circuit] court must base its ruling solely on allegations set forth in the complaint."); *Marion*, 373 S.C. at 395, 645 S.E.2d at 247-48 ("The question is whether, in the light most favorable to the [claimant], and with every doubt resolved in his behalf, the complaint states any valid claim for relief." (quoting *Gentry v. Yonce*, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999))); S.C. Code Ann. § 44-53-530(a) (2018) ("Forfeiture of property defined in [s]ection 44-53-520 [of the South Carolina Code (2018)] must be accomplished by petition of the Attorney General or his designee *or the circuit solicitor* or his designee . . . . The petition must be submitted to the court within a reasonable time period following seizure and shall set forth the facts upon which the seizure was made." (emphasis added)); *Williams*, 347 S.C. at 250, 553 S.E.2d at 508 ("Prosecutorial immunity is a common law immunity doctrine."); *id.* at 237, 553 S.E.2d at 501-02 ("Officials in the performance of a duty imposed by law cannot be held in damages for acts done strictly within the lines of official duty." (emphasis omitted) (quoting *Yaselli v. Goff*, 12 F.2d 396, 404 (2d Cir. 1926))).

## AFFIRMED.[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**