**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Skip Hoagland, Appellant,

v.

John Tecklenburg, in his official capacity, the City of Charleston, and the City of Charleston Police Department, Respondents.

Appellate Case No. 2020-000936

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-117
Submitted November 1, 2022 – Filed March 22, 2023

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Taylor Meriwether Smith, IV, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

Christopher Thomas Dorsel, of Bringardner Injury Law Firm, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** Skip Hoagland appeals the dismissal pursuant to Rule 12(b)(6), SCRCP, of his complaint against the City of Charleston, the City of Charleston

Police Department, and John Tecklenburg, in his official capacity as Mayor of the City of Charleston (the Mayor) (collectively, Respondents). On appeal, Hoagland argues the circuit court erred by (1) dismissing his causes of action for a violation of the South Carolina Constitution and civil conspiracy; (2) dismissing his complaint with prejudice; and (3) failing to address his fourth cause of action, which sought a declaratory judgment on whether a Charleston City Ordinance, section 2-28 of the Charleston, South Carolina Code (2007), was unconstitutionally vague. We affirm in part, reverse in part, and remand.[1]

Initially, viewing the complaint in the light most favorable to Hoagland, we hold the circuit court did not err by finding Hoagland failed to state a claim for civil conspiracy. The Mayor and the City of Charleston Police Department are agents of the same government entity as the remaining Respondent—the City of Charleston—thus, Respondents cannot be legally found to have conspired together unless they were acting outside the scope of their duties, which Hoagland has not alleged. Accordingly, we affirm the circuit court's dismissal of Hoagland's cause of action for civil conspiracy.[2] *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (stating that dismissal under Rule 12(b)(6) is proper "[i]f the facts alleged and inferences reasonably deducible therefrom, [when] viewed in the light most favorable to the plaintiff, would [not] entitle the plaintiff to relief on any theory"); *Pye v. Est. of Fox*, 369 S.C. 555, 566-67, 633 S.E.2d 505, 511 (2006) ("The elements of a civil conspiracy in South Carolina are (1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages."), *overruled by Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 577, 861 S.E.2d 774, 781 (2021) (providing that any cases on appeal that have already been tried under the framework that required a plaintiff to plead special damages shall be decided using that analysis); *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886-87 (2006) ("[A] civil conspiracy cannot exist when the alleged acts arise in the context of a principal-agent

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Further, we note Hoagland did not appeal the circuit court's finding his cause of action pursuant to the Freedom of Information Act, sections 30-4-10 to -165 of the South Carolina Code (2007 & Supp. 2022), was without merit; thus, we affirm the circuit court's ruling on that issue. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

relationship because by virtue of the relationship such acts do not involve separate entities."), *overruled on other grounds by Paradis*, 433 S.C. at 574, 861 S.E.2d at 780; *id.* at 564, 626 S.E.2d at 887 ("[A]gents for a corporation acting in the scope of their duties cannot conspire with the corporation absent the guilty knowledge of a third party."); *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 325, 701 S.E.2d 39, 46 (Ct. App. 2010) (referring to the principle set forth in *McMillan* as the "intracorporate conspiracy" doctrine). Moreover, we find any amendment to Hoagland's civil conspiracy claim would be futile because, although he sought to amend his civil conspiracy claim to better plead special damages and clarify the distinct acts of each Respondent, he never argued to the circuit court that Respondents acted outside the scope of their official duties or that the intracorporate conspiracy doctrine did not apply. *See Alterna Tax Asset Grp., LLC v. York County*, 434 S.C. 328, 334, 863 S.E.2d 465, 468 (Ct. App. 2021) ("[W]e are mindful that [circuit] courts should not dismiss pleadings with prejudice at the 12(b)[, SCRCP,] stage without allowing the pleader to amend its complaint (unless amendment would be futile)."); *cf. Cricket Cove Ventures, LLC*, 390 S.C. at 326, 701 S.E.2d at 46-47 (holding the intracorporate conspiracy doctrine was limited to persons acting within the scope of their employment and did not apply to the appellant's conspiracy claim against the respondents in their individual capacities).

However, because the circuit court did not determine whether Hoagland stated facts sufficient to support a claim for a violation of Article 1, Section 2 of the South Carolina Constitution and instead ruled on an issue not yet before it, we hold the circuit court erred and reverse and remand all remaining causes of action. *See Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) ("Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint."); *id.* ("The 12(b)(6) motion may not be sustained if the facts alleged and inferences therefrom would entitle the plaintiff to any relief on any theory."); S.C. Const. art. I, § 2 ("The General Assembly shall make no law respecting an establishment of religion or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press; or the right of the people peaceably to assemble and to petition the government or any department thereof for a redress of grievances."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E. 2d 591, 598 (1999) ("[An] appellate court need not address [the] remaining issues when [the] disposition of [a] prior issue is dispositive.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**