655 S.E.2d 736

**Cecil BRAZELL and Jackie Brazell, Appellants,**

v.

**Audrey B. WINDSOR, Respondent.**

**No. 4309.**

Court of Appeals of South Carolina.

Heard Oct. 11, 2007.

Decided Nov. 8, 2007.

---

84

Brian Dumas, of Columbia, for Appellants.

J. Rutledge Young, Jr., Stephen L. Brown, and William Howard, Sr., all of Charleston, for Respondent.

STILWELL, J.

Cecil and Jackie Brazell appeal the order of the circuit court dismissing their request for the remedy of rescission. The order was issued following a motion made pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. We affirm.[1]

## FACTS

On October 20, 2004, the Brazells and Audrey Windsor entered into a contract for the purchase and sale of a home located at 8509 Oyster Factory Road, Edisto Island, South Carolina. The parties agreed that the closing date would be November 30, 2004. The Brazells had executed a HUD–1 Settlement Statement and deed conveying the property to Windsor in advance of the closing date. The total purchase price was $550,000, and after satisfying liens the Brazells were to receive $327,818.54 in net proceeds.

On December 3, 2004, Windsor or her agent notified the Brazells the reverse osmosis system on the property did not function.[2] On December 6, 2004, the deed was recorded and Windsor's closing attorney forwarded the Brazells a check for the net proceeds. Windsor withheld $2,000 from the check,

---

1. Windsor filed a motion to dismiss with this court arguing the appeal should be dismissed for lack of jurisdiction. After hearing argument from both parties, we deny the motion.

2. A reverse osmosis system is used to improve the smell and taste of water in places where tap water is of poor quality.

noting in the memo section of the check that the amount reflects "seller's proceeds less $2,000 escrow for reverse osmosis system repair." Along with the net proceeds check, Windsor's attorney also forwarded an escrow agreement proposing how the parties would treat the $2,000. The Brazells refused to accept the check, refused to execute the escrow agreement, and demanded the transaction cease.

The Brazells filed this action alleging, *inter alia,* breach of contract and requesting rescission of the contract. Windsor moved to dismiss the remedy of rescission. The circuit court granted her motion, and the Brazells appeal.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. *Spence v. Spence,* 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). The decision to grant a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth in the complaint. *Id.; Clearwater Trust v. Bunting,* 367 S.C. 340, 343, 626 S.E.2d 334, 335 (2006). In deciding whether the circuit court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *Spence,* at 116, 628 S.E.2d at 874 (2006). A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory. *Id.; Overcash v. S.C. Elec. & Gas Co.,* 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005). Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Spence,* at 116–17, 628 S.E.2d at 874.

## LAW/ANALYSIS

### I. Assumption of Truth in the Pleadings

The Brazells argue the circuit court failed to consider the allegations in the complaint as truthful and therefore erred in granting Windsor's motion to dismiss the remedy of rescission at the 12(b)(6) stage. We disagree.

 Rescission is an equitable remedy that attempts to undo a contract from the beginning as if the contract had never existed. *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 95, 594 S.E.2d 485, 494 (Ct.App.2004) (citations omitted). "It is a general legal principle that a breach of contract warranting rescission 'must be so substantial and fundamental as to defeat the purpose of the contract.' " *Rogers v. Salisbury Brick Corp.*, 299 S.C. 141, 143, 382 S.E.2d 915, 917 (1989) (citation omitted). *See also Gibbs v. G.K.H., Inc.*, 311 S.C. 103, 105, 427 S.E.2d 701, 702 (Ct.App.1993). Furthermore, rescission should only be granted when breaches defeat the object of the contracting parties and not for minor or casual breaches. *Rogers*, at 143–44, 382 S.E.2d at 917 (citing *Davis v. Cordell*, 237 S.C. 88, 115 S.E.2d 649 (1960) (applying this doctrine to real estate transactions)); *Ellie*, at 95, 594 S.E.2d at 494. As a remedy, rescission should return the contracting parties to the *status quo ante*. *See Ellie*, at 95, 594 S.E.2d at 494. Finally, courts should not grant rescission where the nonmoving party has substantially changed position in reliance on a contract. *See King v. Oxford*, 282 S.C. 307, 313–314, 318 S.E.2d 125, 129 (Ct.App.1984).

 Here, taking the facts as alleged in the complaint as true, the Brazells failed to state facts sufficient to justify resorting to the remedy of rescission.[3] Their alleged minor breach of $2,000 held in escrow pending repairs is not substantial or fundamental enough to defeat the purpose of a $550,000 real estate transaction.[4] Windsor withheld the $2,000 in lieu of requiring that the Brazells repair the reverse osmosis system. The $2,000 withheld amounted to .04% of the total contract cost. Furthermore, Windsor did not refuse to pay

3. *Nakell v. Liner Yankelevitz Sunshine & Regenstreif, LLP*, 394 F.Supp.2d 762 (M.D.N.C.2005), has a different result but applies the same analysis employed in this case. "[T]o justify rescission of a contract, the breach of the contract must be so material as in effect to defeat the very terms of the contract." *Id.* at 769. In *Nakell*, the court held the counterclaim for rescission should not have been dismissed because the court could not determine whether there was a material breach or whether the parties could be returned to their original position *from the pleadings alone*. *Id.* at 771.

4. Although the complaint does not contain the overall purchase price of the property, the HUD-1 reveals that information.

the $2,000, it was simply held in escrow. Due to the minor alleged breach, South Carolina law will not afford rescission as a remedy in this case.

Additionally, the circuit court bottomed its opinion on the difficulty that would be involved in returning the parties to the *status quo ante*. While this argument has substantial appeal, we need not address it as we have already determined the claimed breach was not substantial enough in nature to warrant rescission.

## II. Grounds not Stated in Initial Motion[5]

■ The Brazells further argue dismissal of the rescission remedy is improper because the order grants relief on grounds not stated in Windsor's 12(b)(6) motion. Windsor's initial motion to dismiss was premised upon the grounds that rescission is an equitable remedy that could not be sought in an action at law. Windsor then faxed a memorandum in support of motion to the Brazells on the day before the hearing raising the issues of material breach and return of the parties to the *status quo ante*.

The Brazells describe Windsor's actions as an "amendment by ambush." However, the Brazells failed to move for a continuance on the day of the hearing to avoid any perceived "ambush." Consequently, the court was denied the opportunity to rule on this issue, and it is not preserved for our review. *See A & I, Inc. v. Gore*, 366 S.C. 233, 243, 621 S.E.2d 383, 388 (Ct.App.2005) (finding issue of last-minute presentation of magistrate's return not preserved where appellant failed to request a continuance and circuit court was therefore denied opportunity to rule); *Mixson, Inc. v. Am. Loyalty Ins. Co.*, 349 S.C. 394, 401, 562 S.E.2d 659, 663 (Ct.App.2002) (holding grant of summary judgment on same day as granting motion to compel not preserved for review where appellant failed to move for a continuance for discovery to be completed).

## III. 12(b)(6) Motion Converted into Summary Judgment

■ Finally, the Brazells contend the 12(b)(6) motion was converted into a motion for summary judgment because the

---

5. The analysis of issues involved in the first and second arguments on appeal are similar and are therefore combined herein.

90

circuit court weighed the facts and considered the issue of material breach. We disagree.

■■■ Initially, we note the circuit court *must* consider the issue of material breach in order to determine whether to grant or deny Brazell's 12(b)(6) motion. This consideration alone does not convert Brazell's motion into a summary judgment motion. Rather, a 12(b)(6) motion is converted into a motion for summary judgment when the court goes outside the face of the complaint to rule on the motion. Here, there was no need for the circuit court to consider evidence outside the complaint and its attachments to determine no material breach was alleged. Furthermore, even if the circuit court looked outside the face of the complaint, the error would be harmless. *See Higgins v. MUSC*, 326 S.C. 592, 605, 486 S.E.2d 269, 275 (Ct.App.1997) (indicating conversion of a 12(b)(6) motion into a summary judgment motion may be harmless error when, without reference to the matters outside of the plaintiff's complaint, dismissal can still be justified under Rule 12(b)(6)).

**AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.