**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The Estate of George King by and through Margaret Coe King as the Duly Appointed Personal Representative, Appellant,

v.

Richland County and United National Insurance Company, Respondents.

Appellate Case No. 2011-183006

_____

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-355
Heard April 26, 2012 – Filed June 13, 2012

_____

**AFFIRMED**

_____

James W. Fayssoux, Jr. and Paul S. Landis, of Fayssoux Law Firm, PA, of Greenville, for Appellant.

Andrew F. Lindemann, Michael Brian Wren, and William H. Davidson, II, all of Davidson & Lindemann, PA, of Columbia, for Respondent Richland County; Thomas C. Salane, of Turner Padget Graham & Laney,

PA, of Columbia, for Respondent United National Ins. Co.

_____

**PER CURIAM:** Margaret Coe King, as personal representative for the estate of George King, appeals the circuit court's dismissal of her declaratory judgment action and negligent misrepresentation claim involving the interpretation of Richland County's insurance policy as a "declining" policy.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to the declining policy issue: *Unisys Corp. v. S.C. Budget & Control Bd. Div. of Gen. Servs.*, 346 S.C. 158, 165, 551 S.E.2d 263, 267 (2001) ("As a general rule, important questions of novel impression should not be decided on a motion to dismiss. Where, however, the dispute is not as to the underlying facts but as to the interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a motion to dismiss."); *Byrd v. Irmo High Sch.*, 321 S.C. 426, 440, 468 S.E.2d 861, 869 (1996) (holding when the parties' disagreement centers not on the underlying facts of the case, but rather on the interpretation of the law, further developing the record beyond the motion to dismiss stage is not necessary as it would not aid in the resolution of the issues presented); *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts." (citations omitted)); *Messer v. Messer*, 359 S.C. 614, 628, 598 S.E.2d 310, 317 (Ct. App. 2004) (stating when "an agreement is clear and capable of legal construction, the courts [sic] only function is to interpret its lawful meaning and the intent of the parties as found within the agreement."); *Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) ("A copy of a document which is an exhibit to a pleading is a part of the pleading for all purposes if a copy is attached to such a pleading."); *Am. Credit of Sumter, Inc. v Nationwide Mut. Ins. Co.*, 378 S.C. 623, 628, 663 S.E.2d 492, 495 (2008) ("Insurance policies are subject to the general rules of contract construction.  We must give policy language its plain, ordinary, and popular meaning.").

2.  As to the negligent misrepresentation issue: *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 223, 420 S.E.2d 868, 874 (Ct. App. 1992) ("There is no liability for casual statements, representations as to matters of law, or matters which plaintiff could ascertain on his own in the exercise of due diligence.").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**