**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First Citizens Bank and Trust Company, Inc.,
Respondent,

v.

Ronald D. Taylor and Ted D. Smith, Appellants.

Appellate Case No. 2015-002490

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-471
Submitted October 1, 2016 – Filed November 9, 2016

———————

**AFFIRMED**

———————

Randall Scott Hiller, of Greenville, for Appellants.

Joey Randell Floyd, of Bruner Powell Wall & Mullins,
LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (providing summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law"); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114, 410 S.E.2d 537, 545 (1991) ("In reviewing the grant of a summary judgment motion, [appellate courts] apply the same standard which governs the [circuit] court . . . ."); Rule 10(c), SCRCP ("A copy of any plat, photograph, diagram, document, or other paper which is an exhibit to a pleading is a part thereof for all purposes if a copy is attached to such pleading."); *Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) ("Petitioners explicitly stated that [a document] was attached and incorporated by reference into the complaint. Thus, they brought the [document] to the attention of [the circuit] court and were on notice of any information contained in it."); *Burns v. Gardner*, 328 S.C. 608, 614 n.2, 493 S.E.2d 356, 359 n.2 (Ct. App. 1997) ("Because [a document] was attached to and incorporated in the amended complaint, we may consider it when ruling on the defendants' motion to dismiss."); S.C. Code Ann. § 15-3-520(a) (2005) (setting a twenty-year statute of limitations for "an action upon a bond or other contract in writing secured by a mortgage of real property").

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.