**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1927**

KIRIL ZAHARIEV,

                Plaintiff - Appellant,

     v.

B&C SAVANNAH WILDLIFE ENTERPRISES, INC., d/b/a Critter Control of Hilton Head,

                Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:23-cv-00460-RMG)

Submitted:  May 20, 2024                    Decided:  July 11, 2024

Before KING, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kiril Zahariev, Appellant Pro Se. Curtis Wayne Dowling, Sr., Matthew Gerrald, BARNES, ALFORD, STORK & JOHNSON, LLP, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kiril Zahariev appeals from the district court's order adopting the report and recommendation of the magistrate judge and granting Defendant Critter Control's[1] motion to dismiss or in the alternative for summary judgment. The district court determined that Zahariev's suit was barred by a prior settlement agreement. We affirm.

Zahariev first argues that the district court erred by granting summary judgment prior to providing him with an opportunity for discovery and after denying his motion to submit additional evidence. "Generally, summary judgment must be 'refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023). "But a nonmoving party 'cannot complain that summary judgment was granted without discovery unless that party . . . attempt[ed] to oppose the motion on the grounds that more time was needed for discovery.'" *Id.*

"A nonmovant presents such opposition in the form of a [Fed. R. Civ. P.] 56(d) affidavit, stating that he 'cannot present facts essential to [his] opposition.'" *Id.* "Although this [c]ourt places great weight on the requirement of a Rule 56(d) affidavit, even in the affidavit's absence, a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" *Id.* (internal citations omitted). "Such premature summary

---

[1] The Defendant is B&C Savannah Wildlife Enterprises, Inc., d/b/a Critter Control of Hilton Head. The opinion refers to the Defendant as Critter Control.

judgment is particularly disfavored in the context of pro se litigation, and when 'facts bearing on the subjective knowledge' of defendants 'are exclusively in the control of the opposing party.'" *Id.*

"Accordingly, we have not hesitated to vacate a grant of summary judgment issued before adequate discovery has occurred." *Goodman v. Diggs*, 986 F.3d 493, 500 (4th Cir. 2021). We have "not insisted on an affidavit in technical accordance with Rule 56(d) if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." *Id.* at 501 (internal quotation marks omitted). This court reviews a district court's pre-discovery grant of summary judgment for abuse of discretion. *Shaw*, 59 F.4th at 128.

Zahariev admits that he did not file a Rule 56(d) motion, but he asserts that the district court was properly notified of his need for discovery through (1) his response in opposition to summary judgment where he stated that Critter Control was attempting to take away his right to jury trial; (2) his objections to the magistrate judge's report wherein he challenged the district court's denial of his motion to submit documents electronically or by PDF and argued that the state court record in the previous suit was voluminous and he was entitled to a hearing on the validity and terms of the settlement agreement; and (3) his motion to submit further evidence. We find that Zahariev did not adequately inform the district court that discovery was required and, even if he did, his arguments were insufficient to show that discovery was needed.

Zahariev's response in opposition to summary judgment merely stated that he wanted a jury trial. He did not state what facts were in dispute, what discovery he sought,

3

or how such discovery would support his case.  His objections to the magistrate judge's report and his motion to submit further evidence untimely requested discovery after he had filed his opposition to Critter Control's motion for summary judgment.  His objections were again conclusory with regard to the discovery sought or the need for it.  While his motion to submit further evidence specified that he disputed Critter Control's assertions regarding Critter Control's attorney's alleged misconduct in the state suit, he did not request discovery; he merely stated he could present documentary evidence if permitted.  Because Zahariev neither timely informed the district court that he needed discovery nor explained such need, the district court did not err in deciding the motion without discovery.[2]

Zahariev next contends that he is entitled to recission of the settlement agreement because he returned the funds and because the parties did not dismiss their claims with prejudice as the contract anticipated.  Recission is an equitable remedy for breach of contract.  *See Zan, LLC v. Ripley Cove, LLC*, 751 S.E.2d 664, 669 (S.C. App. 2013).[3]  Zahariev provides no support for the conclusion that he can force recission of the settlement

---

[2] Zahariev also challenges the denials of his motions to submit evidence and to file electronically and asserts that the *Roseboro* notice was insufficient.  The district court denied the motion to submit evidence because Zahariev could have submitted the evidence earlier.  The court denied the motion to file electronically, noting that court rules require pro se litigants to file paper copies.  We find that Zahariev's motions were properly denied, the *Roseboro* notice was appropriate, and Zahariev's contentions against Critter Control's attorney are without merit.

[3] The settlement agreement provided that South Carolina law would control its construction.

by either returning the settlement funds or failing to dismiss his suit with prejudice. Rather,

he must first show a material breach of the settlement by Critter Control. *See Brazell v.*

*Windsor*, 682 S.E.2d 824, 826 (S.C. 2009) ("A breach of contract claim warranting

rescission of the contract must be so substantial and fundamental as to defeat the purpose

of the contract.").

With regard to Critter Control's failure to dismiss its counterclaims without

prejudice, according to the language in the agreement, such a requirement arose only upon

Zahariev's proper dismissal of his suit, which he concedes did not happen. Absent a

material breach by Critter Control, Zahariev is not entitled to recission of the contract.

Moreover, given that his claims in this regard fail as a matter of law, the district court did

not err in deciding the case without an evidentiary hearing.[4]

Zahariev next turns to South Carolina Rule of Civil Procedure 43(k), arguing that

the settlement agreement cannot be enforced. The rule at issue provides in relevant part as

follows:

> No agreement between counsel affecting the proceedings in an action shall
> be binding unless reduced to the form of a consent order or written stipulation
> signed by counsel and entered in the record, or unless made in open court
> and noted upon the record, or reduced to writing and signed by the parties
> and their counsel.

---

[4] Zahariev also avers that Critter Control breached the agreement by executing new
signature pages, essentially creating a new contract, and then not reissuing the funds within
15 days as required by the agreement. This argument assumes that Critter Control's
unilateral actions somehow created a second contract. This claim is without support. *See*
*Layman v. South Carolina,* 630 S.E.2d 265, 270 (S.C. 2006) ("Once the bargain is formed,
and the obligations set, a contract may only be altered by mutual agreement and for further
consideration.").

SCRCP 43(k). As clarified by the South Carolina Supreme Court, "Rule 43(k) is applicable to settlement agreements [and] is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation." *S.C. Human Affairs Comm'n v. Chen*, 846 S.E.2d 861, 866 (S.C. 2020) (citations omitted).

South Carolina Rules of Civil Procedure govern actions brought in South Carolina courts, not federal courts. Zahariev's reliance on SCRCP 43(k) is misplaced because the Federal Rules of Civil Procedure, which contain no equivalent to SCRCP 43(k), governed the district court's actions in this case. The fact that the contract was to be governed by South Carolina law does not change this conclusion. *See Hoyos v. Telecorp Commc'ns, Inc.*, 488 F.3d 1, 5 (1st Cir. 2007) ("[A] federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings") (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). As such, the fact that the settlement agreement was not entered in compliance with Rule 43(k) is not a basis to refuse enforcement.[5]

Zahariev next argues that the settlement agreement should be voided as against public policy because it improperly holds Critter Control harmless for the results of its own negligence. While South Carolina requires strict construction of a contract containing an indemnity clause protecting the indemnitee against losses resulting from its own negligent

---

[5] Moreover, the settlement agreement resolved a suit pending in Georgia state court, where South Carolina rules would have no relevance.

acts, *see Laurens Emergency Med. Specialists v. Bailey & Sons*, 584 S.E.2d 375, 379 (S.C. 2003), such language refers to the indemnification for future negligent acts by the indemnitee, *see Concord & Cumberland Horizontal Property v. Concord & Cumberland, LLC*, 819 S.E.2d 166, 171-72 (S.C. App. 2018) (noting that strict construction is required because lack of indemnity will serve as a deterrent to future negligent conduct). Here, the contract provided that Zahariev would indemnify Critter Control for damages from Critter Control's past negligence. Accordingly, the settlement agreement's indemnification clause was not improper.

Zahariev next contends that the settlement agreement should not be enforced because he was coerced to sign it. Specifically, he asserts that opposing counsel improperly filed counterclaims and sanctions motions against him, burdening him with litigation. In addition, Critter Control failed to reissue the settlement funds after Zahariev returned them, which Zahariev asserts was economic duress.

Zahariev's claims are without merit. The additional signature pages were executed after Zahariev signed the settlement agreement. If indeed counsel was acting improperly, Zahariev could seek sanctions in court; however, there is no legal authority supporting the conclusion that such actions result in retroactive duress. Instead, should Critter Control refuse to issue the settlement funds, Zahariev could seek relief through a suit to enforce the settlement agreement.

With regard to litigation tactics, certainly abusive tactics intended to coerce a settlement are not permitted. However, the proper course for Zahariev would have been to seek sanctions or an injunction against Critter Control in Georgia state court. Had he done

so, the Georgia court could have considered Critter Control's filings and behavior, applying applicable state law. Instead, Zahariev settled the lawsuit, did not properly dismiss his claims, and then almost immediately sought to rescind the agreement. Because Zahariev failed to raise these claims at the proper time and in the proper court, he cannot now rely on Critter Control's litigation tactics to support his claim of coercion.

Finally, Zahariev asserts that the district court erred in denying his motion for recusal. He cites the district court judge's rulings in Zahariev's previous case. Zahariev also points to the court's rulings in the instant case to which he objects. He specifically relies upon the court's allegedly incorrect ruling in granting Critter Control's motion to amend the final judgment.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "What matters under § 455(a) . . . is not the reality of bias or prejudice but its appearance." *Strickland v. United States*, 32 F.4th 311, 345 (4th Cir. 2022) (cleaned up). "This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.* (internal quotation marks omitted).

"[B]ias in judicial decision-making refers to a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or] is excessive in degree." *Consolidation Coal Co. v. Williams*, 453 F.3d 609, 618 (4th Cir. 2006) (internal quotation marks and emphases omitted).

8

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Even "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

Because the bar for recusal is high, "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011).  "A presiding judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted).  "Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.* (internal quotation marks and brackets omitted).

Zahariev's allegations fall far short of requiring recusal.  With regard to the previous case, while the district court committed a procedural error, there is no indication that such was the result of bias.  More importantly, even when the error was corrected, Zahariev's suit was still unsuccessful, even on appeal when the district court judge was not involved.  Likewise, the district court's actions in this case, as discussed throughout this opinion, were without reversible error.  With regard to the granting of Critter Control's post-judgment motion to amend, there is no indication that the additional language misstated the district court's intentions or was the result of bias.

9

Moreover, § 455(a) violations are subject to harmless error review. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988). When determining whether a § 455(a) violation is harmless, "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. Given that Zahariev's suit is clearly barred by his settlement agreement, any error was harmless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*