**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Dion Hollinshead, Senior, Appellant,

v.

Thomas J. Bell, individually and as Executive Director of Charleston Coalition for Kids, Charleston Coalition for Kids, a nonprofit Organization, Angelica Colwell, Lee Deas, Godfrey Gibbison, Eric Strickland, Loren Ziff, Courtney Waters, Lezza Steward, and Teach for America, Inc., Respondents.

Appellate Case No. 2022-000674

———————

Appeal From Charleston County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-252
Submitted June 1, 2025 – Filed July 23, 2025

———————

**REVERSED AND REMANDED**

———————

Edward K. Pritchard, III, of Pritchard Law Group LLC, of Charleston, for Appellant.

Joseph M. McCulloch, Jr., of McCulloch and Schillaci, of Columbia; David Starr Cobb, and Nickisha M. Woodward, of Turner Padget Graham & Laney, PA, of Charleston; Dwayne Marvin Green, of Green Law

Offices, of Mt. Pleasant; and Brittany Tanya Bihun, of Gordon & Rees LLP, of Charleston, for Respondents.

---

**PER CURIAM:**  Kevin Dion Hollinshead Sr. appeals the circuit court's order granting Thomas J. Bell's; Charleston Coalition for Kids' (CCFK's); Angelica M. Colwell's; Lee P. Deas's; Godfrey A. Gibbison's; Eric P. Strickland's; Loren R. Ziff's; Courtney S. Waters's; Teach for America, Inc.'s (TFA's); and Leeza D. Steward's (collectively, Respondents) motions to dismiss Hollinshead's claims for defamation, civil conspiracy, and intentional infliction of emotional distress (IIED) pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  We reverse and remand pursuant to Rule 220(b), SCACR.

As an initial matter, we hold this court has appellate jurisdiction to review the April 5, 2022 and April 26, 2022 orders on appeal.  Hollinshead was entitled to wait until the circuit court issued a final judgment as to all parties before appealing the circuit court's dismissal of his claims as to some of the parties.  *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 54(b) SCRCP ("When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."); *id*. ("In the absence of such determination and direction, any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.,* 351 S.C. 459, 467, 570 S.E.2d 197, 201 (Ct. App. 2002) ("If a judgment leaves some further act to be done by the court before the rights of the parties are determined, the judgment is not final."); *Link v. Schl. Dist. of Pickens Cnty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990) (holding that section 14-3-330(1) of the South Carolina Code (2017) "allow[ed] a party to wait until final judgment to appeal intermediate orders 'necessarily affecting the judgment not before appealed from,'" and that an order for dismissal pursuant to 12(b)(6) was appealable under section 14-3-330(1) because it "involv[ed] merits" (quoting *Blakely & Copeland v. Frazier*, 11 S.C. 122, 134 (1878))).

On the merits, we hold the circuit court erred by granting Respondents' motions to dismiss as to Hollinshead's defamation claim because, viewing the pleadings in the light most favorable to Hollinshead, his second amended complaint stated facts sufficient to constitute a cause of action for defamation.  *See* Rule 12(b)(6), SCRCP (stating the South Carolina Rules of Civil Procedure allow for the dismissal of an action if the complaint fails "to state facts sufficient to constitute a cause of action"); *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001) ("Upon review, the appellate tribunal applies the same standard of review that was implemented by the [circuit] court."); *id.* at 233, 553 S.E.2d at 499 ("The question to be considered is whether, in the light most favorable to the plaintiff, the pleadings articulate any valid claim for relief.").

Initially, we hold any consideration of the affiliated lawsuit by the circuit court would not have converted Respondents' Rule 12(b)(6) motion into one for summary judgment.  Hollinshead incorporated the relevant facts from the affiliated lawsuit by referencing and relying on them in his second amended complaint, bringing the lawsuit to the circuit court's attention.  *See Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *Brazell v. Windsor,* 384 S.C. 512, 516, 682 S.E.2d, 824, 826 (2009) (providing a court may consider documents incorporated by reference or attached to the complaint when considering a Rule 12(b)(6) motion); *id.* (explaining "allowing a [circuit] court to consider documents that are incorporated by reference in the complaint but not actually attached thereto prevents a plaintiff from benefiting from his own oversight or from surviving a motion to dismiss by intentionally omitting documents upon which their claims are based").

Next, we hold Hollinshead stated sufficient facts in his second amended complaint for his defamation claim to survive a Rule 12(b)(6) motion.  The allegations in Hollinshead's second amended complaint sufficiently articulated that statements made in a political advertisement were false and defamatory about Hollinshead. *See Stokes v. Oconee Cnty.*, 441 S.C. 566, 576, 895 S.E.2d 689, 694 (Ct. App. 2023) ("To prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (quoting *McBride v. Sch. Dist. of Greenville Cnty.*, 389 S.C. 546, 559–60, 698 S.E.2d 845, 852 (Ct. App. 2010))); *Murray v. Holnam, Inc*. 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001) ("A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community

or to deter third persons from associating or dealing with him."); *id.* ("A mere insinuation is actionable as a positive assertion if it is false and malicious and its meaning is plain."); *Goodwin v. Kennedy*, 347 S.C. 30, 40, 552 S.E.2d 319, 324 (Ct. App. 2001) ("[C]ouching a statement with a defamatory connotation in terms of an opinion does not grant an exemption for anything that might be said."); *Curtis Publ'g Co. v. Butts,* 388 U.S. 130, 150 (1967) ("[T]hat dissemination of information and opinion on questions of public concern is ordinarily a legitimate, protected and indeed cherished activity does not mean . . . that one may in all respects carry on that activity exempt from sanctions designed to safeguard the legitimate interests of others."), *cited with approval in Anderson v. The Augusta Chronicle*, 355 S.C. 461, 474-75, 585 S.E.2d 506, 513 (Ct. App. 2003); *Erickson v. Jones St. Publishers*, LLC, 368 S.C. 444, 467, 629 S.E.2d 653, 665 (2006) ("[T]o prove fault in a defamation action, a plaintiff who is a public official or public figure must prove by clear and convincing evidence that the defendant acted with actual malice in publishing a false and defamatory statement about the plaintiff."); *id*. at 477, 629 S.E.2d at 671 ("The constitutional actual malice standard requires a public official to prove by clear and convincing evidence that the defamatory falsehood was made with the knowledge of its falsity or with reckless disregard for its truth.") (quoting *Elder v. Gaffney Ledger,* 341 S.C. 108, 114, 533 S.E.2d 899, 902 (2000))). Further, we hold Hollinshead was not required to present evidence of the existence of special harm in his second amended complaint because the statements in the political advertisement are actionable irrespective of special harm. *See Holtzscheiter v. Thomson Newspapers, Inc*, 332 S.C. 502, 533, 506 S.E.2d, 497, 514 (1998) (holding that an allegedly defamatory statement published in written form would "potentially constitute libel" and "as such, [was] actionable without proof of special damages"). Accordingly, we reverse the circuit court's orders granting Respondents' motions to dismiss as to Hollinshead's defamation claim and remand to the circuit court. *See Doe v. Bishop of Charleston*, 407 S.C. 128, 134, 754 S.E.2d 494, 497-98 (2014) ("When reviewing a motion to dismiss for failure to state facts sufficient to constitute a cause of action, the pleadings must be construed liberally, and all well pled facts must be presumed true.").

In addition, we hold Hollinshead failed to put forth sufficient facts to support his civil conspiracy and IIED claims. As to Hollinshead's civil conspiracy claim, he failed to assert facts establishing Respondents acted in furtherance of a conspiracy that were separate and independent from the wrongful acts alleged in the complaint concerning his defamation claim. *See Paradis v. Charleston Cnty. Sch. Dist.,* 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) ("[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3)

together with the commission of an overt act in furtherance of the agreement . . . ."); *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 324-25, 701 S.E.2d 39, 46 (Ct. App. 2010) ("In a civil conspiracy claim, one must plead acts in furtherance of the conspiracy that are separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim."); *Paradis*, 433 S.C. at 573, 861 S.E.2d at 779-80 (affirming that a "plaintiff's repetition of the same acts as the prior claims was insufficient to salvage [a conspiracy] claim"). Accordingly, we hold Hollinshead failed to assert an overt act that was separate and independent from the defamation claim itself; and thus, his claim for civil conspiracy must fail as a matter of law.

We hold Hollinshead's IIED claim also fails as a matter of law because he failed to assert any facts to support a determination that Respondents engaged in intentional or reckless, extreme, and outrageous conduct. In his second amended complaint, Hollinshead asserted without specificity that Respondents' conduct was "so extreme and outrageous as to exceed all possible bounds of decency and was atrocious, and utterly intolerable in a civilized community." *See Williams v. Lancaster Cnty. Sch. Dist.*, 369 S.C. 293, 305, 631 S.E.2d 286, 293 (Ct. App. 2006) (holding that to state a claim for IIED, "a party must establish [among other things] . . . the defendant intentionally or recklessly inflicted severe emotional distress [and] . . . the conduct was so extreme and outrageous as to exceed all possible bounds of decency").

However, we hold the circuit court erred when it did not allow Hollinshead to amend his complaint because a court must normally allow a plaintiff to amend a complaint before granting a 12(b)(6) motion. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019) ("When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a) before filing the final order of dismissal." (quoting Rule 12(b)(6), SCRCP)); *id.* at 182, 826 S.E.2d at 589 ("In rare cases, however, a trial court may deny a motion to amend if the amendment would be clearly futile."); *id.* at 183, 826 S.E.2d at 589 ("We cannot imagine a circumstance in which a trial court should refuse to allow an amendment on the ground of futility without seeing what the amendment would look like.").

Based on the foregoing, we reverse the circuit court's order granting Respondents' motions to dismiss Hollinshead's second amended complaint with regard to his defamation, civil conspiracy, and IIED claims and remand to the circuit court.

**REVERSED AND REMANDED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.